﻿Citation Nr: 18132488
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-09 815
DATE: September 6, 2018
ORDER
Entitlement to service connection for tinnitus is granted.
REMANDED
Entitlement to a compensable rating for bilateral hearing loss is remanded.
FINDING OF FACT
Competent medical evidence establishes that the Veteran’s tinnitus is due to noise trauma in service. 
CONCLUSION OF LAW
Service connection for tinnitus is warranted. 38 U.S.C. §§ 1110, 1112, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).

REASONS AND BASES FOR FINDING AND CONCLUSION
The appellant is a Veteran who served on active duty from June 1968 to April 1972. These matters are before the Board of Veterans’ Appeals (Board) on appeal from an October 2014 rating decision, which denied service connection for a back disability, and granted service connection for bilateral hearing loss, rated 0 percent, effective May 27, 2013. 
In a March 2016 Form 9 the Veteran appealed only the rating assigned for bilateral hearing loss and stated that he had ringing in the ears. In a June 2017 deferred rating the Regional Office (RO) determined that the Veteran’s claim of tinnitus was a new claim but was within the scope of hearing loss so a new 526 was not needed. Accordingly, the date of the claim for tinnitus is the same as the Veteran’s claim for an increased rating for his service-connected bilateral hearing loss disability. 
Service connection for tinnitus is granted.
Service connection may be established for disability due to disease or injury that was incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. To establish service connection for a claimed disability, there must be evidence of: (i) a present claimed disability; (ii) incurrence or aggravation of a disease or injury in service; (iii) and a causal relationship between the present disability and the disease or injury in service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 
Certain chronic diseases (to include tinnitus as an organic disease of the nervous system) may be service-connected on a presumptive basis if manifested to a compensable degree within a specified period of time following separation from service (one year for organic diseases of the nervous system). 38 U.S.C. § 1112; 38 C.F.R. §§ 3.307, 3.309. For chronic diseases listed in 38 C.F.R. § 3.309(a), nexus to service may be established by showing continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that it was incurred in service. 38 C.F.R. § 3.303(d); See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). 
When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. A claim will be denied only if the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). 
The Veteran’s military occupational specialty (MOS) in service was aviation electronics technician. Based on that occupation it may reasonably be conceded that in the course of his duties in service he was at times exposed to hazardous levels of noise. 
In March 2016 correspondence the Veteran indicated that he experienced ringing in his ears that prevented him from hearing conversations. 
On August 2017 VA contracted examination the Veteran reported recurrent tinnitus. The examiner concluded that based on the Veteran’s acoustic trauma in service that it was at least as likely as not that his tinnitus was a result of noise exposure in service. 
It is not in dispute that the Veteran has tinnitus. He reports he has experienced ringing in the ears. Unlike hearing loss disability, which must be established by specific testing, the presence of tinnitus is established by self-reports of the person experiencing it, and is generally incapable of objective confirmation.
The Veteran’s initial reference to ringing in the ears in March 2016 correspondence did not include information pertaining to the etiology of his tinnitus (to include when first noted). However, on August 2017 audiological evaluation contracted by VA, the examiner opined that the Veteran’s tinnitus was at least as likely as not incurred in service, due to his exposure to noise in service. The Board finds no reason to question the expertise ot the VA contracted medical provider. Considering the foregoing, and resolving reasonable doubt in the Veteran’s favor (as required under 38 C.F.R. § 3.102), the Board finds that the overall record reasonably shows the Veteran’s tinnitus was incurred in service. Accordingly, service connection for tinnitus is warranted. 
REASONS FOR REMAND
Entitlement to a compensable rating for bilateral hearing loss is remanded.
In December 2014 and March 2016 correspondence the Veteran indicated that he felt the results of his October 2014 VA examination are not representative of his current hearing acuity. The Veteran has not been provided a hearing loss examination since October 2014. A contemporaneous examination to assess the severity of the disability is necessary.
The matter is REMANDED for the following:
The AOJ should arrange for an audiological evaluation of the Veteran (with audiometric studies) to assess the severity of his bilateral hearing loss disability. In addition to reporting the results of the audiometry, the examiner should:
(a.) Elicit from the Veteran a description of the impact his hearing loss has on occupational and daily activity functioning, and opine whether the impact he describes is consistent with the level of hearing impairment found on examination? 
(b.) If the reported impairment is deemed inconsistent with clinical findings opine regarding the impact on functioning that would be expected from the level of hearing loss found on examination. 
The examiner should include rationale with all opinions.

 
GEORGE R. SENYK
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD N. Staskowski, Associate Counsel